**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES EDWARD HURST,        \*
ADC #089797,              \*
                             \*
        Petitioner,      \*
v.                         \*
                             \*      No. 5:13CV00022-KGB-JJV
RAY HOBBS, Director,        \*
Arkansas Department of Correction  \*
                             \*
        Respondent.     \*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to  United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

In 1988, a  Pulaski County jury  convicted the Petitioner, James Edward Hurst, of first-degree murder and he was sentenced to life in prison.  (Doc. No. 7-2.)  Mr. Hurst was seventeen years old  when he killed his father.  (Doc. No. 7.) The Arkansas Supreme Court recited the evidence supporting his conviction as follows:

> James Edward Hurst shot his father four times with a .22 pistol at his father's mobile home in southwest Little Rock. Hurst was present when police arrived on the scene. He stated that two  men had entered the trailer, fired shots, and left in a Camaro. The next day when police questioned him further, he broke down and confessed to killing his father.

*Hurst v. State,* 296 Ark. 448, 757 S.W. 2d 558 (1988).

Mr. Hurst made three arguments on appeal to the Arkansas Supreme Court. The first was that his confession was obtained before he was advised of his *Miranda* rights; the second that the M*iranda* warning he eventually received was defective; and finally, that his confession was involuntary.   *Id.*   The Arkansas Supreme Court affirmed the decision of the trial court on October 10, 1988.

Mr. Hurst, an inmate at the Varner Unit of the Arkansas Department of Correction (ADC), filed the instant petition on January 24, 2013. (Doc. No. 2.) For the following reasons, the Court concludes Mr. Hurst's Petition should be DISMISSED.

## II.    ANALYSIS

Respondent argues that Mr. Hurst's Petition is barred by the statute of limitations.  (Doc. No. 7 at 3.)  The Antiterrorism and Effective Death Penalty Act (AEDPA), Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds that the Petition is untimely.  The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

§ 2244(d)(1)(A).  Mr. Hurst's conviction became final in 1988. (Doc. No. 7 at 4.) In applying § 2244(d)(1) to cases where the judgment became final before the enactment of the AEDPA on April 24, 1996, petitioners have a one-year grace period, ending April 2, 1997, for the filing of habeas petitions.  *Id.*  See also *Moore v. United States,* 173 F. 3d 1131, 1135-36 (8th Cir. 1999).  The instant Petition was not filed until January 24, 2013. (Doc. No. 2.)

Mr. Hurst does not address the statute of limitations in his Petition, but argues that  28 U.S.C. § 2244(d)(1)(C) provides that the announcement of certain new rules of constitutional law may warrant a delay in the commencement of the limitations period beyond the conclusion of direct review or the expiration of the time for seeking it.  Under this provision, the commencement of the limitations period will be triggered on "the date on which the constitutional right asserted was initially recognized by the Supreme Court of the United States, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

However,  28 U.S.C. § 2244(d)(1)( C) is not applicable here because Mr. Hurst's sentence for first degree murder was not mandatory, but was chosen from a range of sentencing options. (Doc. No. 7.) The constitutional right asserted by Mr. Hurst has not been recognized by the Supreme Court of the United States.  *Id.*  So this argument is without merit.

Mr.  Hurst further alleges that *Miller v. Alabama,* 132 S. Ct. 2455 (2012), is applicable to his case.  (Doc. No. 2 at 4.)  In *Miller,* the Supreme Court held that the "Eighth Amendment forbids a sentencing scheme that *mandates* life in prison without possibility of parole for juvenile offenders." *Miller,* 132 S. Ct. at 2469 (emphasis added).  *Miller*'s holding expressly applies only to schemes that impose mandatory life-without-parole sentences  for juvenile murderers because such

schemes, by removing any other sentencing options, "make youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence," and thereby "pose[ ] too great a risk of disproportionate punishment." *Id.*

Such is not the case here. Mr. Hurst was convicted of first degree murder which is classified as a "Y" felony. (Doc. No. 7-1.) "Y" felonies in Arkansas carry a sentencing range of "not less than ten years and not more than forty years, or life." Ark. Code Ann. § 5-4-401. Mr. Hurst was not sentenced to life without parole by a mechanism that altogether precluded consideration of a lesser sentence for any reason, including youth, and therefore the *Miller* holding does not invalidate Mr. Hurst's sentence. (Doc. No. 7.)

In his Writ of Habeas Corpus Petition, Mr. Hurst attempts to expand the *Miller* holding - creating a new constitutional rule that would allow a sentencing body complete discretion in imposing a lesser sentence for any reason it saw fit. (Doc. No. 2 at 8.) However, this would violate the non-retroactivity principle in *Teague v. Lane,* 489 U.S. 288 (1989). A prisoner, through a collateral proceeding, may only obtain the benefit of a new rule, or the creation of a new rule in his or her case, if that rule falls within one of the two exceptions to the general principle that new rules will not be applied on collateral review. *Id.*

Mr. Hurst's new rule does not lie within one of the two *Teague* exceptions. The first *Teague* exception permits the retroactive application of a new rule if it is substantive. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the manner of determining the [petitioner's] culpability are procedural." *Schriro v. Summerlin,* 542 U.S. 348, 353 (2004). Mr. Hurst is not seeking a categorical ban on juvenile sentences of life without parole; instead, he argues to change the manner in which

life-without-parole sentences are handed down. This is not substantive, and therefore his proposed rule does not fit within the first *Teague* exception.

The second *Teague* exception is that the rule must be a watershed rule.

In order to qualify as a watershed rule, a new rule must meet two requirements: First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction. Second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding.

*Whorton v. Bockting,* 549 U.S. 406, 418 (2007) (internal quotations and citations omitted).

To date, the Supreme Court of the United States has only identified one case as qualifying under the watershed exception. That case was *Gideon v. Wainwright,* 372 U.S. 335 (1963), which established that counsel must be appointed for any indigent defendant charged with a felony and therefore, was retroactive under the watershed exception. Mr. Hurst's proposed rule is not a watershed rule because it meets neither of the two requirements. It is not necessary to prevent an impermissibly large risk of an inaccurate conviction nor does it alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding, as was the case in *Gideon.* Because Mr. Hurst's proposed new constitutional rule does not fit within either of the *Teague* non-retroactivity exceptions, he cannot succeed in establishing it in this collateral proceeding.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

Here, Mr. Hurst was required to first present his claims to the Arkansas courts "as required by state procedure," in a petition under Rule 37.  *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Ark. Rules Crim. Proc., Rule 37].")  Mr. Hurst admits that he has not presented any of his claims in state court (Doc. No. 2 at 3), so his claims are procedurally defaulted.

Mr. Hurst argues that he should be allowed to overcome this procedural bar pursuant to the Supreme Court of the United States's holding in *Coleman v. Thompson*, 501 U.S. 722 (1991). Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review of his Petition, the record and the briefs, the Court concludes that Mr. Hurst fails to show any cause and prejudice, and thus Mr. Hurst's Petition for Writ of Habeas Corpus should be dismissed.

## III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the <u>Rules Governing Section 2254 Cases in the United States District Courts,</u> a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district

court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred, procedurally defaulted, and the Petitioner's claims are without merit. Therefore, no certificate of appealability should be issued.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2.     A certificate of appealability should not be issued.

DATED this 19th day of November, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE